## SEEGMILLER v. DAY.

(Circuit Court of Appeals, Seventh Circuit.   January 2, 1918.)

No. 2478.

1. BANKRUPTCY ⚖️293(1)—COURTS OF BANKRUPTCY—JURISDICTION OF PLENARY SUITS BY TRUSTEE.

A suit by the trustee of a bankrupt corporation to recover unearned dividends illegally paid to defendant as a stockholder from the capital of the corporation when insolvent, some within four months prior to the bankruptcy and some previous to that time, is within the jurisdiction of a court of bankruptcy, under Bankruptcy Act July 1, 1898, c. 541, §§ 60b, 70e, 30 Stat. 562, 565, as amended, respectively, by Act June 25, 1910, c. 412, § 11, 36 Stat. 842, and Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 (Comp. St. 1916, §§ 9644, 9654).

2. BANKRUPTCY ⚖️293(4)—SUITS BY TRUSTEE—JURISDICTION—"CONSENT."

The filing of an answer to the merits by the defendant in a plenary action by a trustee brought in a District Court, without objection to the jurisdiction of the court, *held* to amount to a consent to such jurisdiction within Bankruptcy Act, § 23b (Comp. St. 1916, § 9607).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Consent.]

3. BANKRUPTCY ⚖️145(1)—CORPORATIONS—STATUTORY LIABILITY OF DIRECTORS—ENFORCEMENT BY TRUSTEE.

Under Hurd's Rev. St. Ill. 1915-16, c. 32, § 19, which provides that directors of a corporation, who declare and pay any dividend when the corporation is insolvent, "shall be jointly and severally liable for all debts of such corporation then existing, and for all that shall thereafter be contracted while they shall respectively continue in office," the liability so created is personal to the creditors, one which cannot be invoked by the corporation, does not become an asset of its estate in bankruptcy, and is not enforceable by its trustee.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by Edwin C. Day, trustee in bankruptcy of the Chicago Folding Box Company, against Charles H. Seegmiller. Decree for complainant, and defendant appeals. Affirmed in part, and reversed in part.

The trustee of the bankrupt corporation filed a plenary bill in equity against appellant and another, alleging they were directors of the corporation, that while the corporation was insolvent these directors declared and paid dividends in reduction of the capital stock of the corporation, a large amount of which dividends are alleged to have been paid to themselves as dividends upon their own stock; appellant being charged with having so secured $8,232.84 of such dividends prior to four months before the bankruptcy, and $1,156 within such four months. They were also charged with being the holders of certain corporate stock for which they had not paid. The relief in the bill demanded of appellant is "that said pretended dividends be decreed to have been declared in fraud upon the creditors and upon your orator herein, and that the said C. H. Seegmiller be ordered to repay to your orator the $1,156 taken within four months of bankruptcy, and the $8,232.84 taken within one year and a half prior to bankruptcy, and $6,300 as unpaid subscription to the capital stock," and such other relief as the nature of the case may require and the court deem proper. Detailed answer was filed, wherein it was denied that dividends were paid while the company was insolvent, and as to the alleged unpaid stock subscription it was stated that it was paid through a divi-

dend declared and paid on other of appellant's stock, and that if the subscription was not properly so paid appellant is prepared to surrender the stock.

The cause was heard and decree was entered, in which it was found that the evidence sustained the allegations of the bill; that appellant was a stockholder and director, and that while the corporation was insolvent he declared and paid dividends, himself receiving by way of such dividends the sum of $9,046.51; that he was a subscriber to 63 shares, of $100 par value, of the capital stock, for which he had paid nothing; and that by reason of the declaration and payment of dividends in reduction of capital stock appellant became liable under section 19, chapter 32, of the Revised Statutes of Illinois, for all of the debts of the corporation then existing or thereafter created while he remained in office as director, and found the total amount of such debts to be $79,853.72. And the court decreed that the trustee recover from appellant the sum of $9,046.51 as dividends thus improperly received by him, and the further sum of $6,300 for his unpaid stock subscription, and the further sum of $64,507.21 to pay the balance of the debts of the corporation for which he became liable as aforesaid under section 19, chapter 32, of the Revised Statutes of Illinois for his having while a director assented to the declaration of and paid dividends, while the corporation was insolvent. There was a further finding that the trustee recover from the defendants jointly and severally $79,853.72 as the total amount of such debts, which includes the amounts severally found due from each of the defendants and decreed to be paid by them. .

William Slack, of Chicago, Ill., for appellant. Adams, Follansbee, Hawley & Shorey, of Chicago, Ill. (Mitchell D. Follansbee and Robert W. Schupp, both of Chicago, Ill., of counsel), for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). [1] No other ground for federal jurisdiction appears than such as arises under the Bankruptcy Act, and it is maintained for appellant that the District Court did not have jurisdiction of the action. Section 23b of the Bankruptcy Act, as amended by Act June 25, 1910, c. 412, § 7, provides:

"Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section sixty, subdivision b; section sixty-seven, subdivision e; and section seventy, subdivision e."

So much of the recovery in the decree as represents what was wrongfully paid to appellant within four months of the bankruptcy was recoverable by the trustee under section 60b, and such of it as represents what he so received prior to the four months' period was recoverable under section 70e, both of which sections are excepted from the operation of the quoted section. Both section 60b and section 70e provide that in actions brought thereunder the bankruptcy court shall have concurrent jurisdiction with state court.

[2] But as to these items of the recovery, as well as that of the unpaid stock subscription, we are of opinion that, under the circumstances here appearing, that part of section 23b providing for jurisdiction of the bankrupt court through the consent of the proposed defendant is here effective to confer jurisdiction on the federal court. As to these items the bill fully informed appellant, and he filed full and specific answer to these charges, without suggestion of objection on his part to the jurisdiction of the bankruptcy court to hear and de-

termine those issues. The record disclosing no objection to the jurisdiction, but, on the contrary, showing active participation by appellant through full answer upon the merits, appellant's consent to the jurisdiction of the District Court, so far as his consent may have been necessary, thus sufficiently appears.

[3] Respecting that part of the decree against appellant which is predicated upon his alleged liability for the corporation's debts through declaring and paying dividends while the corporation was insolvent, a different question is presented. If, notwithstanding appellant's very plausible contention that recovery for corporate debts under the provisions of section 19, chapter 32, is wholly without and beyond the scope and purpose of the action, it be assumed that the bill is sufficient in this respect to sustain that part of the decree predicated thereon; and if it be further assumed, contrary to appellant's earnest insistence, that as to this subject-matter the jurisdiction of the bankruptcy court may be and was conferred by consent of appellant as provided in section 23b, yet is this liability in any event one to which the trustee succeeded, and enforceable by him? It arises solely under the Illinois statute, which is:

"If the directors or other officers or agents of any stock corporation shall declare and pay any dividend when such corporation is insolvent, or any dividend the payment of which would render it insolvent, or which would diminish the amount of its capital stock, all directors, officers or agents assenting thereto shall be jointly and severally liable for all the debts of such corporation then existing, and for all that shall thereafter be contracted, while they shall respectively continue in office."

Many of the states have statutes more or less similar, but it seems most of them have provisions limiting the gross liability for such transgression of the directors to the amount of dividends so declared and paid. In some the statute gives the right of action to the corporation and to its creditors. In others, as in Illinois, it is not stated to whom the right of action is given, except as this must be inferred from the provision itself. The adjudications on such statutes are singularly few, and on the Illinois statute we find practically none. Thompson, Corporations (2d Ed.) § 1372, says:

"Under these statutes almost without exception the liability imposed is to the creditor. * * * Under all such statutes it is a self-evident proposition that the party in whose favor the liability is imposed has the right of action to enforce it. * * * Whether a receiver can maintain an action, must depend in the main on the terms of the particular statute. If the statute makes the penalty a debt due to the corporation for a breach of duty on the part of the directors toward the corporation, then it is clear that the receiver who succeeds to the right of the corporation can maintain the action. The real test as to this right to sue, would probably depend on the question whether the penalty is made by the statute a part of the corporate assets, which it is the duty of the receiver to collect and distribute ratably among all the creditors, or whether the penalty is made a debt due from the directors jointly or severally to any creditor of the corporation."

And in section 1369:

"Where the directors are made jointly and severally liable such liability is not an asset of the corporation to be collected and marshaled between the creditors."

In 1 Loveland, Bankruptcy, it is stated (section 393):

"The right to enforce a statutory liability against an officer, director, or stockholder of a bankrupt corporation does not pass to its trustee in bankruptcy. The trustee is not entitled to maintain a suit to enforce such liability in a state or federal court. The reason for this is that such liability is not a part of the estate of the corporation. By virtue of statutes of this character the officers, directors, or stockholders, or some of them, become, as it were, sureties for the debts of the corporation to the extent provided by the statute. It is in the nature of a security to which a creditor may resort if the corporation does not pay its debts. The corporation could not enforce this liability."

Remington, Bankruptcy (2d Ed.) § 478, says:

"A statutory secondary liability of directors and stockholders is not an asset of the corporation; and such liability is not enforceable by the trustee in bankruptcy."

The words of the statute "jointly and severally liable for all of the debts of such corporation" clearly imply a liability to the creditors to whom such debts are owing. Similar words in the Vermont statute were so construed in Hilliard v. Lyman et al. (C. C.) 138 Fed. 469, where the court said:

"The liability for a debt must be a liability to the creditor, and the avails of the liability would not be assets of the corporation."

And its following further language is even more applicable to the Illinois statute than that of Vermont:

"There is no limit to liability upwards, but it extends as far as the assent goes, and no creditor would have any right to or interest in any recovery by another, as there would or might be if there was a limit to the amount that could be recovered by all. Each creditor must recover only upon the assent of each director to the indebtedness to him in excess, and what is so recovered belongs to that creditor only, and there could be no marshaling between these more than between any creditors of a common debtor."

In the earlier case of In re Crystal Spring Bottling Co. (D. C.) 96 Fed. 945, that same court, referring to the statutory liability of directors for corporate debts, said:

"The creditor is not obliged to exhaust that remedy; nor has the corporation, or the trustee of it in bankruptcy, any right to pursue it. It is not an asset of the corporation, but security for the creditors, who may follow it or not, at their pleasure, with all other securities, till they are paid in full."

In Re Beachy & Co. (D. C.) 170 Fed. 825, the court, commenting on the Illinois statute making directors liable for consenting to indebtedness beyond the capital stock, said:

"It seems clear, therefore, that this statutory cause of action belongs exclusively to the creditors. It is a secondary security which is not an asset of the estate and does not pass to the trustee. Such a claim may be enforced by the creditor in any court having jurisdiction, quite independently of the bankruptcy proceedings."

Where the conditions prescribed by the Illinois statute are present unlimited liability is created in favor of the creditor and against the director. There is not as under some other statutes a fund provided for wherein all the creditors may ratably participate, and in which all therefore have an interest. Each creditor may of his own volition

assert or refrain from asserting the liability, and against the creditor asserting it the director may make defense peculiar to such creditor, and perhaps to none others—possibly waiver, perhaps estoppel, maybe set-off. We are of opinion that the liability created under this statute is personal to the creditors, one which could not be invoked by the corporation, did not become an asset of the bankrupt estate, and is not enforceable by the trustee.

Without prejudice to the right of any creditor to pursue his remedy under section 19, the decree, in so far as it finds and imposes liability thereunder for the debts of the corporation, is reversed, and in the other respects, viz. as to the liability for dividends declared and paid to the defendants in the action, and liability for unpaid stock subscriptions, it is affirmed. Appellant is awarded costs of the appeal.