Thomas J. FITZGERALD, as Trustee of the Estate of The Marshall Company, Bankrupt, Plaintiff,

v.

Vernon V. MARSHALL, Charles Andrews, Maurice N. Marshall and Chet Marshall, Defendants.

Civ. A. No. 5841.

United States District Court
D. Colorado.

April 22, 1958.

John W. Low, Denver, Colo., for plaintiff.

Sidner, Lee, Gunderson & Svoboda, Fremont, Neb., and Harold D. Torgan, Denver, Colo., for defendants.

ARRAJ, District Judge.

This is an action brought under Section 70 of the Bankruptcy Act, 11 U.S. C.A. Sec. 110, by plaintiff, as trustee of the estate of the Marshall Company, a bankrupt, against the directors and principal officers of the Marshall Company. The complaint alleges that the defendants declared and paid a dividend on the stock of the company at a time when the company was insolvent, or that the dividend diminished the amount of the capital stock of the company, and that by virtue of Section 31–2–12, C.R.S. 1953, the defendants thereby became jointly and severally liable for all of the debts of the Marshall Company.

Defendants Vernon V. Marshall and Maurice N. Marshall filed a motion to dismiss complaint on the grounds that the action does not involve diversity of citizenship. Those two defendants were the only ones served with process and the parties stipulated that Vernon V. Marshall is a legal resident and citizen of Nebraska and that Maurice N. Marshall is a legal resident and citizen of Colorado.

During the argument on the motion to dismiss, defendants raised the point that the trustee has no authority to bring this action since it is not the type contemplated by Section 70, sub. e(1). This point was argued by both the counsel and counsel were granted further time to submit additional authorities supporting their respective views. That time has since expired and the matter is now ready for determination by the Court.

This latter issue, then, is whether the trustee of a bankrupt corporation has a cause of action against the directors of the corporation under the statutes cited above. In view of the Court's determination of this issue, no disposition need be made of the question concerning diversity of citizenship.

Section 70, sub. e(1) of the Bankruptcy Act, 11 U.S.C.A. Sec. 110, sub. e(1), is cited by plaintiff as giving him a cause of action against the directors under the state statute. That section provides as follows:

"A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this title which, under any Federal or State law applicable thereto, is fraudulent

472

as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor."

The above section merely gives the bankruptcy trustee affirmative power to avoid the transfers, obligations, or encumbrances specified therein. Although the liability which plaintiff seeks to impose on the directors in the instant action is based on a dividend they allegedly declared, plaintiff is not seeking to avoid a fraudulent transfer, or obligation, and consequently this section of the statute has no application to this suit.

If plaintiff has a cause of action here, it must arise under Section 70, sub. a(5) or (6), 11 U.S.C.A. Sec. 110, sub. a(5), (6), which provide that the trustee shall be vested with the title of the bankrupt to all "property, including rights of action, which, prior to the filing of the petition he could by any means have transferred" and "rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property." In 4 Collier on Bankruptcy 1182 (Sec. 70.29), concerning rights of action against directors and officers of a corporation under this section, it is said that,

> "The trustee, however, stands in the shoes of the bankrupt corporation in prosecuting a cause of action belonging to the bankrupt, and where the applicable state law makes such obligations or liabilities run to the corporate creditors personally, rather than to the corporation, such rights of action are not assets of the estate which are enforceable by the trustee."

It thus becomes necessary to determine whether the Colorado statute gives a cause of action to the trustee or the corporation, or to the creditors exclusively. The Colorado statute, Sec. 31–2–12, C.R.S. 1953, provides:

> "If the directors, trustees or other officers or agents of any corporation shall declare and pay any divi-

dend when such corporation is insolvent, or any dividend the payment of which would render it insolvent, or would diminish the amount of its capital stock, all directors, trustees, agents or officers assenting thereto shall be jointly and severally liable for all debts of such corporation then existing, and for all that shall thereafter be contracted while the capital remains so diminished."

It is clear that the creditors have a cause of action under this statute. See Hall v. Swan, 1947, 117 Colo. 349, 188 P. 2d 437. But whether the trustee also has a cause of action has never been decided in Colorado.

Seegmiller v. Day, 7 Cir., 1918, 249 F. 177, appears to be the leading case on this issue and it involved a statute that was, in all material respects, identical to the Colorado statute above. In that case the trustee of a bankrupt corporation brought an action against the directors of the corporation claiming that the directors had declared dividends while the corporation was insolvent, thus making themselves liable for the corporation's debts under the terms of the Illinois statute. That statute, Hurd's Rev.St.Ill. 1915–16, c. 32, Sec. 19, reads as follows:

> "If the directors or other officers or agents of any *stock* corporation shall declare and pay any dividend when such corporation is insolvent, or any dividend the payment of which would render it insolvent, or which would diminish the amount of its capital stock, all directors, officers or agents assenting thereto shall be jointly and severally liable for all the debts of such corporation then existing, and for all that shall thereafter be contracted, *while they shall respectively continue in office.*"

Only the italicized portions do not appear in the Colorado statute. The Court held that the liability so created under this statute was personal to the creditors and could not be invoked by the corporation, did not become an asset of its estate in

bankruptcy, and was not enforceable by its trustee. The Court noted, however, that where liability was created under this statute, any creditor within the terms of the statute had a cause of action against the enumerated individuals.

This Court is of the opinion that the above interpretation is a sound one and should be applied to the pertinent Colorado Statute in the present case. The trustee in bankruptcy does not have a cause of action under the provisions of Sec. 31–2–12, C.R.S. 1953, and the complaint and cause of action should be dismissed. Counsel for defendant will submit an appropriate order.