Charles W. LONG, as Trustee in Bankruptcy of Columbus Supply Corporation, Bankrupt, Plaintiff,

v.

T. Patrick McGLON and Theresa Lydia McGlon, Defendants.

Civ. A. No. 66–52.

United States District Court
D. South Carolina,
Columbia Division.

Jan. 30, 1967.

Clarke W. McCants, Columbia, S. C., for plaintiff.

Henry Hammer, and Isadore S. Bernstein, Columbia, S. C., for defendants.

## ORDER

HEMPHILL, District Judge.

The trustee of the bankrupt corporation instituted this action against the two named defendants as the sole shareholders, directors and officers of the bankrupt corporation seeking to hold them personally liable for the debts of the corporation on the basis that, as is alleged, the defendants at all times treated the corporation as if it were a proprietorship or a partnership. Most pertinently the trustee alleges that the defendants deposited corporation funds into their personal bank accounts or that corporation funds were received by the defendants personally and that corporation debts were paid out of the personal accounts of the defendants. The claims in the bankruptcy proceedings greatly exceed the amount of assets available, according to the allegations in the complaint, and the plaintiff asks that the defendants be held personally liable and that they be required to turn over to the trustee their joint and several assets for the benefit of creditors.

The defendants now move to dismiss the action before answering on the grounds that the complaint fails to state a claim against the defendants for which relief can be granted. The rationale of the movants is that (1) the complaint does not sufficiently allege facts which would support an action by the trustee for conversion of corporate funds, and (2) that while a creditor may pierce the corporate veil, a trustee may not. The court is of the opinion, and so rules, that the motion should be denied on both grounds.

Testing the motion to dismiss for failure to state a claim the allegations must be taken in the light most favorable to the party against whom the motion is directed, IA Barron & Holtzoff, Federal Practice & Procedure § 356 at 363 and cases cited n. 93 (Wright's ed. 1960), and the complaint should not be dismissed unless it is beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief, Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The allegations of the complaint, which are yet subject to amendment, and which even now must be liberally construed would permit proof by the plaintiff that corporate assets were converted to the injury of the corporation and creditors.

There is, of course, a great body of authority for the proposition that in the proper circumstances the corporate veil can be pierced—the fiction disregarded. See, e. g., 18 Am.Jur.2d, Corporations §§ 14–15 (1965); 1 Fletcher, Cyclopedia of Corporations § 41.1 (1963). It is undisputed that a creditor may look behind the corporate form in appropriate circumstances, Parker Peanut Co. v. Felder, 200 S.C. 203, 20 S.E.2d 716 (1942), but the defendant here maintains that the trustee may not do so in the same or similar instance. This conclusion is based on the reasoning that the existence of a trustee affirms the existence of a corporation; and that secondly a hardship would be worked on the creditors who have claimed against the corporation if their claims were to be shifted against individual shareholders. In the opinion of the court that position has no merit either in logic or law. The trustee represents the creditors as well as the corporation and no prejudice to corporate creditors is caused by seeking to hold individual shareholders of a nominal and insolvent corporation liable for its debts. Nothing in the *Parker Peanut Co.* case is persuasive to the defendant's position. In that case the United States Dis-

trict Court dismissed an involuntary petition in bankruptcy which had been filed after there had been a creditor's suit filed in the state courts with ancillary proceedings to disregard the corporate entity. The district court would not allow a subsequent voluntary bankruptcy to evade the judicial processes of the state.

 The defendant submits that the law of Indiana, in which state the corporation was chartered, would hold shareholders and subscribers liable only to the extent of the unpaid portion of their subscriptions or consideration for shares. Generally, that is the law of corporations and true in South Carolina as well, see S.C.Code Ann. § 12–16.23 (1965 Supp.), but to offer it here only begs the question. That is the veil which can be pierced, and this complaint presents appropriate circumstances. It is well established that where the interest of the corporation and the dominant shareholder are identical one is the alter ego of the other and the corporate form may be disregarded. Fountainbleau Hotel Corp. v. Crossman, 323 F.2d 937 (5th Cir. 1963); Allied Chem. Corp. v. Randall, 321 F.2d 320 (7th Cir. 1963); Mayo v. Pioneer Bank & Trust Co., 270 F.2d 823 (5th Cir. 1959); Francis O. Day v. Shapiro, 105 U.S.App.D.C. 392, 267 F.2d 669 (1959); Fitzgerald v. Central Bank & Trust Co., 257 F.2d 118 (10th Cir. 1958); In re Clark Supply Co., Inc., 172 F.2d 248 (7th Cir. 1949). Moreover, if creditors have standing to look behind the corporate form then it does follow that the trustee in bankruptcy may do so. Section 70(c) of the Bankruptcy Act, 11 U.S.C.A. § 110(c) (1966 Supp.), provides:

> The trustee shall have as of the date of bankruptcy the rights and powers of: (1) a creditor who obtained a judgment against the bankrupt upon the date of bankruptcy, whether or not such a creditor exists, (2) a creditor who upon the date of bankruptcy obtained an execution returned unsatisfied against the bankrupt, whether or not such a creditor exists, and (3) a creditor who upon the date of bank-

ruptcy obtained a lien by legal or equitable proceedings upon all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt upon a simple contract could have obtained such a lien, whether or not such a creditor exists.

The maintenance of an action such as this is within the powers of the trustee by the clear language of the Act. Congress recognized the justice of having sufficient power in the trustee to enable his pursuit of all funds possibly available to pay creditors. Were it not for these powers the district court would be showered with petitions for inquiry and orders in pursuit of assets. A similar action was allowed by the district court in Henderson v. Rounds & Porter Lumber Co., 99 F.Supp. 376 (W.D.Ark.1951).

The motion to dismiss is, therefore, denied.

And it is so ordered.