413 F.2d 302
 In the Matter of CINTRA REALTY CORPORATION, Bankrupt.
John R. LYTLE, as Temporary Trustee in Bankruptcy of Cintra
Realty Corporation, Bankrupt, Petitioner-Appellee,
v.
Ann D. PORTER, James O. Porter, Hyndale Corporation,
Coromandel Corporation, Ashland Realty Corporation
and Altadale Corporation, Respondents-Appellants.
 Nos. 705-710, Dockets 33459, 33462-33466.
 United States Court of Appeals Second Circuit.
 Argued June 23, 1969.
Decided July 9, 1969.
 
 John M. Garrity, Buffalo, N.Y., for appellants.
 Alexander C. Cordes, Buffalo, N.Y. (Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y., on the brief), for appellee.
 Before HAYS and FEINBERG, Circuit Judges, and JAMESON, District judge.[1]
 PER CURIAM:
 
 
 1
 This is an appeal from a judgment of the United States District Court for the Western District of New York, John O. Henderson, C.J., which affirmed an order of the referee in bankruptcy granting to the bankruptcy trustee of Cintra Realty Corporation a turnover order as to the assets of respondents James O. and Ann D. Porter and four corporations whose stock they own. Cintra Realty, apparently solely owned by James Porter, was adjudicated an involuntary bankrupt in September 1966, an order approved by this court in February 1967. In re Cintra Realty Corp., 373 F.2d 321 (2d Cir. 1967). The record shows this to be a classic case of mingling of allegedly separate corporate and personal assets in one business by a husband and wife operating out of one office with one bank account and with complete disregard for supposed differences in entities. On these facts, there is no merit to the arguments that summary jurisdiction was inappropriate or that a turnover order was improper. Soviero v. Franklin National Bank, 328 F.2d 446 (2d Cir. 1964). Appellants rely upon Suhl v. Bumb, 348 F.2d 869 (9th Cir.), cert. denied, 382 U.S. 938, 86 S.Ct. 388, 15 L.Ed.2d 349 (1965), but the intermingling of personal and 'corporate' accounts was far less pervasive there. Appellants' final argument that there were material gaps in the record before the referee is also unpersuasive.
 
 
 2
 Judgment affirmed.
 
 
 
 [1]
 Of the District of Montana, sitting by designation