Robert J. **HILLEBRAND**, as Trustee in Bankruptcy of Automotive Warehouses, Inc., a corporation, Plaintiff,

v.

SAV-CO, an Illinois corporation, et al., Defendants.

Civ. No. 72-75.

United States District Court, E. D. Illinois.

Oct. 20, 1972.

---

Joel A. Kunin, Cohn, Carr, Korein, Kunin, & Brennan, East St. Louis, Ill., for plaintiff.

Sam S. Pessin, Belleville, Ill., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, District Judge.

By this action Plaintiff, the Bankruptcy Trustee of Automotive Warehouses, Inc. ("Bankrupt"), seeks to set aside and recover from the Defendants certain alleged voidable transfers, under § 60 of the Bankruptcy Act, 11 U.S.C. § 96. Before the Court is Defendants' motion to dismiss the complaint for its failure to state a cause of action.

On a motion to dismiss under Rule 12, all facts well-pleaded in the complaint are taken as true. Thus the Court's inquiry is limited to the determination whether the Plaintiff has presented facts which would entitle him to establish and recover a voidable transfer.

Plaintiff's complaint alleges that payments for antecedent debts were made by the Bankrupt to each of the four Defendants. However, it appears elsewhere in the complaint that these payments were actually made not by the Bankrupt corporation itself, but from four wholly-owned subsidiaries of the Bankrupt, organized as separate corporate entities under the laws of Illinois. Plaintiff alleges that these subsidiaries were each

merely an *alter ego* of the Bankrupt, that the subsidiaries were thinly capitalized, had no assets, no separate financial records and books, identical directors and officers; and that the day-to-day operation of the subsidiaries was directed by the parent corporation. Plaintiff asserts that the Defendants knew, or had reason to know, of this relationship between the subsidiaries and the Bankrupt.

Plaintiff further alleges that the transfers were made within four months of the filing of the involuntary petition for Bankruptcy, while the Bankrupt was insolvent; that at the time of the transfer the creditors had reasonable cause to believe that the Bankrupt was insolvent, and that the effect of these transfers was to give such creditors a greater percentage of their debts than would another creditor of the same class. These latter allegations are necessary to establish a voidable transfer under § 60 of the Bankruptcy Act.

In their motion Defendants claim that since the subsidiaries were legal entities separate from the Bankrupt, the payments were not in fact transfers "of any of the property of" the Bankrupt, and thus cannot be voidable transfers under § 60.

Thus the issue to be decided is whether the doctrine of "piercing the corporate veil" may be applied to the subsidiary transferors, so as to attribute such transfers to the Bankrupt itself, where the transferees have actual or constructive knowledge of the true relationship between the corporations. Clearly, the Plaintiff has the burden of proving that the transfers were made out of the assets of the Bankrupt's estate. Remington on Bankruptcy; Vol. 4, § 1661.5.

It is well-established that the corporate status of a subsidiary can be disregarded in bankruptcy proceedings if the subsidiary is found to be a mere "alter ego" of the Bankrupt parent corporation. The trustee of a bankrupt company has been permitted to take over the assets of corporate subsidiaries upon a finding that the subsidiaries were organized to perpetrate fraud on creditors, In

re Clark Supply Co., 172 F.2d 248 (7th Cir., 1949); Hudson v. Wylie, 242 F.2d 435 (9th Cir., 1957); or that the subsidiaries amounted to mere agents or instrumentalities of the bankrupt parent, In re Plymouth Dyeing Co., 323 F.2d 134 (3d Cir., 1963); Soviero v. Franklin, 328 F.2d 446 (2d Cir., 1964); In re Cintra Realty Corp., 413 F.2d 302 (2d Cir., 1969). The trustee has the burden of showing that such a relationship exists, and where piercing the corporate veil of a subsidiary would work an injustice to the creditors, equity will not do so. Maule Industries, Inc. v. Gerstel, 232 F.2d 294 (5th Cir., 1956); In re Security Products Co., 310 F.Supp. 110 (E.D.Mo., 1969).

Here the Plaintiff has pleaded a number of facts, outlined above, which if true would support a finding that the subsidiaries were mere instrumentalities of the Bankrupt. Under the above cited authorities, such a showing would entitle the trustee to assume the assets of the subsidiaries as part of the Bankrupt's estate. It follows that payments made from these assets by the subsidiaries to the Defendants can be deemed to have come out of the assets of the Bankrupt itself. Once the corporate veils have been pierced, the acts of the subsidiaries can be attributed to the Bankrupt parent. Allied Chemical Corp. v. Randall, 321 F.2d 320 (7th Cir., 1963). In a § 60 proceeding to recover a voidable transfer, courts look to the substance and not the form of the transfer. Mere circuity of payment does not prevent a voidable transfer from being found, if the effect of the transfer is to diminute the Bankrupt's estate and to favor the transferee creditors, Jackson v. Flohr, 227 F.2d 607 (9th Cir., 1956). The case most nearly on point is I-T-E Circuit Breaker Co. v. Holzman, 354 F.2d 102 (9th Cir., 1965). There the trustee in bankruptcy sought to recover an alleged preference made in fact by an individual proprietor, whom the trustee alleged was merely the alter ego of the bankrupt corporation. While the trustee's efforts were frustrated on procedural grounds, the Court made it clear

that he should have an opportunity to show that the individual's transfer could be attributed to the bankrupt corporation.

■ Thus from the authorities and the better reasoning, it appears that the Plaintiff has pleaded facts sufficient to support a finding that, as a matter of law, the transfers in issue were made out of the property of the Bankrupt. The complaint states a cause of action under § 60 of the Bankruptcy Act, 11 U.S.C. § 96.

Therefore, Defendants' motion to dismiss the complaint is hereby denied.