# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AHCOM, LTD.,
            *Plaintiff-Appellant,*

v.

HENDRIK SMEDING; LETTIE SMEDING,
            *Defendants-Appellees.*

No. 09-16020

D.C. No.
3:07-cv-01139-SC

OPINION

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, District Judge, Presiding

Argued and Submitted
March 8, 2010—San Francisco, California

Filed October 21, 2010

Before: J. Clifford Wallace, Susan P. Graber and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge Wallace

17347

**COUNSEL**

William H. Parish, Parish & Small, Stockton, California, for the plaintiff-appellant.

John G. Michael, Baker, Manock & Jensen, Fresno, California, for the defendants-appellees.

**OPINION**

WALLACE, Senior Circuit Judge:

This case poses the question of whether a creditor of a corporation in bankruptcy has standing to assert a claim against the corporation's sole shareholders on an alter ego theory or whether that claim belongs solely to the corporation's bankruptcy trustee. The district court had jurisdiction pursuant to 28 U.S.C. § 1332 and concluded that the claim belonged solely to the trustee. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

**I.**

Plaintiff-appellant Ahcom, Ltd. (Ahcom), a United Kingdom-based corporation, entered into a contract to buy almonds from Nuttery Farms, Inc. (NFI), a California corporation. NFI allegedly failed to deliver the contracted-for almonds. Pursuant to a clause in the contract, Ahcom brought, and prevailed in, an arbitration action against NFI in the Court of Arbitration of the Waren-Verein der Hamburger Boerse e.V. Ahcom then sued in California state court to collect its arbitration award. However, it did not sue NFI, which had petitioned for bankruptcy soon after the arbitration. Instead, Ahcom sued NFI's sole owners, defendants-appellees Hendrik and Lettie Smeding, seeking to pierce NFI's corporate veil. The Smedings removed the suit to the Northern District of California and successfully moved to dismiss the action. That dismissal is the subject in this appeal.

Ahcom's first amended complaint (FAC) asserted two substantive claims, one related to the foreign arbitration award and one related to a breach of contract. Ahcom also alleged an alter ego claim whereby they sought to pierce the corporate veil to hold the Smedings responsible for NFI's actions. Crucially, both of Ahcom's substantive claims to recover the arbi-

tration award and the contract-related damages, by their terms, depend on the success of Ahcom's alter ego allegations. Without those allegations, Ahcom has no claim against the Smedings.

In their motion to dismiss, the Smedings attacked Ahcom's alter ego theory. They argued that Ahcom is asserting a claim that harms not just Ahcom but all creditors and thus this claim is exclusively the property of the trustee. The district court agreed and dismissed Ahcom's complaint without leave to amend, which we interpret as dismissal of the action, giving us jurisdiction. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002). Ahcom now appeals.

## II.

The question in this appeal is whether the claims against the Smedings can be brought by Ahcom or by the trustee. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).

**[1]** A Chapter 11 bankruptcy trustee has a special role. The trustee "stands in the shoes of the bankrupt corporation and has standing to bring any suit that the bankrupt corporation could have instituted had it not petitioned for bankruptcy." *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005) (internal quotation marks omitted); 11 U.S.C. §§ 704(1), 541(a)(1). However, the trustee's power is limited. The trustee may assert only claims belonging to the debtor corporation and "has no standing generally to sue third parties on behalf of the estate's creditors." *Smith*, 421 F.3d at 1002 (internal quotation marks omitted).

**[2]** When the trustee does have standing to assert a debtor's claim, that standing is exclusive and divests all creditors of the power to bring the claim. *Estate of Spirtos v. One San*

*Bernardino Cnty. Superior Court Case*, 443 F.3d 1172, 1176 (9th Cir. 2006). Although federal bankruptcy law applies to this action, state law determines whether a claim belongs to the trustee or to the creditor. *Butner v. United States*, 440 U.S. 48, 54-55 (1979); *see also St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 700 (2d Cir. 1989). The parties agree that California law applies because NFI is a California corporation.

The focus of our inquiry is on Ahcom's FAC, which asserts two substantive claims: (1) "Confirmation of Foreign Arbitration Award against all Defendants," and (2) "Breach of contract against all Defendants." In an attempt to hold the Smedings responsible for NFI's actions, the substantive claims rely on one procedural claim: "Alter Ego against all Defendants." Pursuant to that claim, the FAC alleges that "Defendants controlled, dominated and operated [NFI] as their individual business and alter ego"; "Defendants diverted funds and other assets of [NFI] for other than corporate uses"; "Defendants treated the assets of [NFI] as their own"; and "Defendants diverted assets from [NFI] to themselves to the detriment of creditors, including Plaintiff."

**[3]** According to the Smedings, these allegations in general, and the last one specifically, are evidence that Ahcom is improperly trying to sue for general conduct that harmed all creditors. "The alter ego claim alleged by Ahcom is . . . a general claim," the Smedings argue and,

> [i]n effect, it alleges dissipation of corporate assets to the detriment of all creditors. There is even an express allegation that the diversion of corporate assets affected all creditors, including Ahcom. Ahcom alleges only a general claim, which belongs exclusively to the trustee and the district court was correct in dismissing it.

**[4]** To be sure, Ahcom's FAC is not a model of clarity and Ahcom's attempt to amend the FAC upon receiving the

Smedings' 12(b)(6) motion is understandable. The FAC has troubling allegations, including its assertion of a general alter ego "claim" in which the Smedings allegedly diverted corporate assets to the detriment of *all creditors*. However, although the Smedings prevailed in the district court, there is a crucial problem with their argument: it assumes the existence of a general alter ego claim. We therefore examine whether such a claim exists under California law.

### III.

> **[5]** The issue is not so much whether, *for all purposes*, the corporation is the "alter ego" of its stockholders or officers, [or] whether the very purpose of the organization of the corporation was to defraud the individual who is now in court complaining, as it is an issue of whether *in the particular case presented and for the purposes of such case* justice and equity can best be accomplished and fraud and unfairness defeated by a disregard of the distinct entity of the corporate form.

*Mesler v. Bragg Mgmt. Co.*, 702 P.2d 601, 606-07 (Cal. 1985) (internal quotation marks omitted) (emphases added); *see also Communist Party of U.S. v. 522 Valencia, Inc.*, 41 Cal. Rptr. 2d 618, 627 (Ct. App. 1995) (no California case found in which "the alter ego doctrine has been employed to establish a relationship of identity between the defendant corporation and the plaintiff"). In fact, there is no such thing as a substantive alter ego claim at all: "A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g., breach of contract or to set aside a fraudulent conveyance, but rather, procedural . . . ." *Hennessey's Tavern, Inc. v. Am. Air Filter Co.*, 251 Cal. Rptr. 859, 863 (Ct. App. 1988).

**[6]** Notwithstanding this precedent, the Smedings argue that *Stodd v. Goldberger* created a "general alter ego claim"

that a trustee can assert on behalf of all creditors. 141 Cal. Rptr. 67 (Ct. App. 1977). In *Stodd*, a bankruptcy trustee sued the debtor's shareholders "on the theory of alter ego [to] establish defendants' personal liability for all of [the debtor's] debts." *Id*. at 70. The trial court dismissed the action and the California Court of Appeal affirmed, holding that a trustee "cannot maintain an action against defendants on an alter ego theory *absent some allegation of injury to the corporation giving rise to a right of action in it against defendants*," without which "the asserted cause of action belongs to each creditor individually, and [the trustee] is not the real party in interest." *Id*. at 71 (emphasis added).

A bankruptcy court and a bankruptcy appellate panel (BAP) in this circuit have relied on *Stodd*, in particular the "absent some allegation of injury to the corporation" passage, to conclude that California law permits a corporation to bring a general alter ego claim against its owners. In *In re Davey Roofing, Inc.*, the United States Bankruptcy Court for the Central District of California relied on *Stodd* in holding that, under California law, a corporation can proceed on an alter ego claim against its shareholder as long as it alleges some "injury to the corporation." 167 B.R. 604, 608 (Bankr. C.D. Cal. 1994). *Davey Roofing* explained,

> [i]n the case at bar, [a creditor] alleges that Debtor's principal misappropriated for his own benefit assets belonging to the bankrupt corporation, to the detriment of the estate and all of Debtor's creditors, rather than any individual creditor. Thus, Debtor is the proper party to assert alter ego claims, and all of Debtor's creditors are bound by the outcome of the estate's action.

*Id*.

A few years later, the Ninth Circuit BAP—whose rulings are persuasive but not binding authority in this court, *Bank of*

*Maui v. Estate Analysis, Inc.*, 904 F.2d 470, 472 (9th Cir. 1990)—adopted *Davey Roofing's* reasoning. In *CBS, Inc. v. Folks (In re Folks)*, under facts similar to those in *Davey Roofing*, the creditor, CBS, alleged that: "Folks [the owner] has treated BYCA [the corporation] as his alter ego," "Folks used the bank accounts and funds of BYCA for his own personal expenditures," and that "Folks failed to observe any of the corporate formalities with respect to BYCA." 211 B.R. 378, 387 (B.A.P. 9th Cir. 1997). According to *Folks*, the court in *Stodd* "recognized that the corporate bankruptcy trustee has standing to assert an alter ego claim if injury to the corporation is alleged, otherwise each creditor individually has standing." *Id.* at 385. *Folks* held that CBS was asserting a general alter ego claim "because all creditors are affected and [there was] no particularized injury to CBS." *Id.* at 387. Therefore, *Folks* concluded, only the BYCA trustee, not CBS, had standing to bring a general alter ego action on behalf of BYCA. *Id.* at 388.

**[7]** *Folks* and *Davey Roofing* misread *Stodd*. *Stodd* clarified the passage upon which *Folks* and *Davey Roofing* rely to imply a general alter ego claim (that a trustee "cannot maintain an action against defendants on an alter ego theory *absent some allegation of injury to the corporation giving rise to a right of action in it against defendants*") by citing examples of what constitutes such an injury: "*an action* by a trustee in bankruptcy to recover assets of the bankrupt by setting aside *fraudulent and preferential transfers*"; "*an action* by creditors and a trustee in bankruptcy for *conversion by a corporate stockholder of assets of the bankrupt corporation*"; "*an action* by the trustee of a bankrupt corporation against the sole shareholders on an alter ego theory upon allegations that . . . *defendants deposited corporation funds into their personal bank accounts or that corporation funds were received by the defendants personally*." *Stodd*, 141 Cal. Rptr. at 71 (internal quotation marks omitted) (emphases added). These examples illustrate that *Stodd* was not, as the Smedings maintain, creating a "general alter ego claim." Instead, *Stodd* was attempting

to distinguish established "right[s] of action" that are properly brought by the trustee (fraudulent conveyance, conversion, and theft, to take the examples from the list above) from those that are not. Under *Stodd*, the trustee can sue for the former but not for the latter. *Id*. This reading is unavoidable when we consider that no California court has recognized a freestanding general alter ego claim that would require a shareholder to be liable for all of a company's debts and, in fact, the California Supreme Court stated that such a cause of action does not exist. *Mesler*, 702 P.2d at 606-07.

Indeed, if we were to adopt *Folks*' and *Davey Roofing*'s readings of *Stodd*, *Stodd* would contradict itself. *Stodd* teaches that a trustee "is not an appropriate general representative of creditors." 141 Cal. Rptr. at 72. Yet, that is exactly what *Folks* and *Davey Roofing* have made it out to be by allowing the trustee to bring a claim for a made-up cause of action "because all creditors are affected." *Folks*, 211 B.R. at 387.

**[8]** Thus, we conclude that California law does not recognize an alter ego claim or cause of action that will allow a corporation and its shareholders to be treated as alter egos for purposes of all the corporation's debts. Just because NFI's trustee could not bring such a claim against the Smedings under California law, there is no reason why Ahcom's claims against the Smedings cannot proceed.

## IV.

Ahcom argued in the alternative that the district court abused its discretion in denying Ahcom leave to file a second amended complaint. Because we hold that Ahcom's complaint should not have been dismissed, we need not address the question of whether Ahcom should have been permitted to amend the complaint. Finally, we deny as moot the Smedings's motion to strike the appendix which contains the second amended complaint.

**REVERSED AND REMANDED.**