CARRAMERICA REALTY CORPORA-
TION; CarrAmerica Realty, LP; Carr
Office Park, LLC; Carr Texas OP,
L.P., Plaintiffs–Appellants

and

Carlyle Fortran Trust, Plaintiff

v.

NVIDIA CORPORATION; Nvidia U.S.
Investment Company; Jenhsuan
Huang; James C. Gaither; A. Brooke
Seawell; William J. Miller; Tench
Coxe; Mark A. Stevens; Harvey C.
Jones; Christine Hoberg; Stephen
Pettigrew; James Hopkins; James
Whims; Gordon A. Campbell; Rich-
ard A. Heddleson; Alex Leupp; Scott
D. Sellers, Defendants–Appellees

3dfx Interactive, Inc., Debtor–
in–Possession–Appellee

William A. Brandt, Jr.,
Trustee–Appellee

Carlyle Fortran Trust, Plaintiff–
Appellant

v.

Nvidia Corporation; Nvidia U.S. Invest-
ment Company; Jen–Hsuan Huang;
James C. Gaither; A. Brooke Seawell;
William J. Miller; Tench Coxe; Mark
A. Stevens; Harvey C. Jones; Chris-
tine Hoberg; Stephen Pettigrew;
James Hopkins; James Whims; Gor-
don A. Campbell; Richard A. Heddle-
son; Alex Leupp; Scott D. Sellers, De-
fendants–Appellees.

Nos. 06–17109, 07–15077.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 17, 2008.

Filed Nov. 25, 2008.

As Amended on Denial of Rehearing
En Banc Jan. 22, 2009.

As Amended March 10, 2009.

Dwight C. Donovan, Jonathan S. O'Donnell, MBV Law, LLP, San Francisco, CA, for Plaintiffs–Appellants.

Betty M. Shumener, DLA Piper US, LLP, Los Angeles, CA, for Plaintiff.

Karen Johnson–Mckewan, James N. Kramer, Robert P. Varian, Orrick Herrington & Sutcliffe, LLP, Raymond A. Cardozo, Paul David Fogel, Reed Smith, LLP, Douglas A. Applegate, Steven D. Seiler, Seiler Epstein Ziegler & Applegate LLP, John L. Fitzgerald, Pinnacle Law Group, San Francisco, CA, David M. Shannon, Nvidia Corporation, Santa Clara, CA, for Defendants–Appellees.

William R. Overend, Reed Smith, LLP, San Francisco, CA, for Debtor–in–Possession–Appellee.

Peter G. Bertrand, Robert E. Izmirian, Buchalter Nemer Fields & Younger, Kyle Everett, Development Specialist, Inc., San Francisco, CA, for Trustee–Appellee.

Before: FARRIS, SILER,\* and BEA, Circuit Judges.

## MEMORANDUM \*\*

Plaintiffs CarrAmerica Realty Corporation ("CarrAmerica"), its related corporate entities, and Carlyle Fortran Trust ("Carlyle") (collectively "Creditors") appeal the order of the district court dismissing the Creditors' complaints for lack of standing. The district court held that only the Chapter 11 bankruptcy Trustee ("Trustee") had standing to pursue the claims. We affirm in part and reverse in part.

## I. BACKGROUND

3dfx Interactive, Inc. ("3dfx") developed and manufactured computer graphics chips. In 1995, it entered into a ten-year commercial lease with Carlyle for 77,805 square feet in an office building in California. In 1998, it leased approximately 26,000 square feet of commercial space in

---

\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Texas from CarrAmerica. In mid–2000, 3dfx began to experience financial difficulties. Ultimately, 3dfx decided to sell substantially all of its assets to NVIDIA, an unrelated company that also manufactured computer graphics chips. On December 15, 2000, 3dfx and NVIDIA entered into an Asset Purchase Agreement ("APA"), pursuant to which NVIDIA agreed to pay $70 million in cash for substantially all of 3dfx's assets.

On December 15, 2000, after executing the APA, 3dfx terminated its employees, and NVIDIA immediately rehired them. These NVIDIA employees continued working in the premises leased from CarrAmerica for an unspecified period of time, in violation of 3dfx's lease agreement with CarrAmerica, which agreement barred "anyone other than Tenant and its employees [from occupying] any part of the Premises." NVIDIA instructed 3dfx to continue to pay rent to CarrAmerica and agreed to reimburse 3dfx for these rent payments at a later date.

Eventually, 3dfx stopped paying rent to CarrAmerica and Carlyle. After the Creditors sued for nonpayment of rent, 3dfx filed Chapter 11 bankruptcy in October 2002. The Chapter 11 Trustee sued NVIDIA, seeking avoidance of a fraudulent transfer and recovery under a successor liability theory. The Creditors also filed suit against NVIDIA. The district court dismissed the Creditors' complaints for lack of standing. It held that all of the Creditors' claims alleged generalized injuries to the bankruptcy estate, meaning only the Trustee had standing to pursue the claims. The Creditors now appeal, arguing that the Trustee lacks standing to pursue the claims.

## II. DISCUSSION

The district court's holding as to the Trustee's standing is a conclusion of law that we review de novo. *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1001 (9th Cir.2005). The allegations of the complaint are taken as true. *Stoner v. Santa*

*Clara County Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir.2007). A bankruptcy trustee is the representative of the bankrupt estate and has the capacity to sue and be sued. 11 U.S.C. § 323. Among the trustee's duties is the obligation to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(1). The "property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The debtor's "causes of action" are "property of the estate." *Smith*, 421 F.3d at 1002 (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n. 9, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983)). Thus, the trustee "stands in the shoes of the bankrupt corporation and has standing to bring any suit that the bankrupt corporation could have instituted had it not petitioned for bankruptcy." *Id.* The trustee's standing to sue on behalf of the estate is exclusive; a debtor's creditors cannot prosecute such claims belonging to the estate unless the trustee first abandons such claims. *Estate of Spirtos v. One San Bernardino County Superior Court*, 443 F.3d 1172, 1175 (9th Cir.2006).

■ Here, the district court properly concluded that the Trustee has exclusive standing to sue with respect to all claims asserted by Creditors based on an underlying injury to 3dfx. The substance of most the Creditors' claims is that 3dfx fraudulently transferred its assets to NVIDIA because the APA provided for insufficient consideration. While the Creditors were harmed by the alleged diminution of 3dfx's estate, depleting the assets available for the bankruptcy estate constitutes an injury to the bankrupt corporation itself, not an individual creditor of that corporation. *Smith*, 421 F.3d at 1002.

■ Most of the Creditors' other arguments lack merit. The district court did not err by relying on *In re Folks*, 211 B.R. 378 (B.A.P. 9th Cir.1997), because it is consistent with *Smith* and our other decisions on trustee standing. The Creditors'

attempt to distinguish *Folks* is unpersuasive. In *Folks*, the analysis of standing to object to the discharge of a debtor rested on whether a purported creditor had standing to pursue an alter ego claim. *Id.* at 381. *Folks* cited, discussed, and properly applied *Williams v. California 1st Bank*, 859 F.2d 664 (9th Cir.1988). *See Folks*, 211 B.R. at 385–86. We are not persuaded that the cap imposed by 11 U.S.C. § 502(b)(6) [1] gives rise to a particularized injury that divests the Trustee of standing. Section 502 deals with allowance of secured claims, not powers of the Trustee, so the cap impairs the Creditors' claims regardless of whether the Trustee or the Creditors pursue the claim. The district court properly held that the California statute of frauds barred Carlyle's claim that NVIDIA is liable for damages above the cap because Carlyle's complaint failed to allege there was a written assumption of the lease signed by NVIDIA.

The Creditors argue that Trustee standing is barred under *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 120 (2d Cir.1991) ("A claim against a third party for defrauding a corporation with the cooperation of management accrues to creditors, not to the guilty corporation."). However, the *Wagoner* rule has been much criticized and we decline to follow it. *See In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1003–04 (8th Cir.2007) (listing authorities rejecting *Wagoner* and concluding that the *in pari delicto* defense has nothing to do with trustee standing).

█ Finally, however, the district court erred in dismissing CarrAmerica's interference with contractual relations, fraud, conspiracy, and tort of another claims

based on an alleged "secret agreement" between 3dfx and NVIDIA, pursuant to which agreement 3dfx continued to pay rent to CarrAmerica although NVIDIA had taken possession of the premises CarrAmerica leased to 3dfx. CarrAmerica contends that, absent the secret agreement, it could have insisted either that NVIDIA execute a written assumption of the lease or that 3dfx vacate the premises so that CarrAmerica could seek a new tenant. Because these claims are based on an injury to CarrAmerica by NVIDIA, which is neither bankrupt nor protected by any stay of actions, and not an underlying injury to the bankruptcy estate of 3dfx, CarrAmerica has standing to assert these claims.

On remand, the district court is instructed to determine which of Carlyle's claims have been abandoned by the bankruptcy trustee, thus conferring standing on Carlyle to pursue these claims. *See Estate of Spiritos*, 443 F.3d at 1175.

Costs in appeal no. 06-17109 to be paid by Defendants–Appellees NVIDIA Corp., NVIDIA US Investment Co. No. 2, Jen-Hsuan Huang, James C. Gaither, A. Brooke Seawell, William J. Miller, Tench Coxe, Mark A. Stevens, and Harvey C. Jones; each party will bear its own costs in appeal no. 07-15077.

AFFIRMED in part, REVERSED and REMANDED in part.

---

1. 11 U.S.C. § 502(b)(6) limits the amount of a bankruptcy claim "of a lessor for damages resulting from the termination of a lease of real property" to the extent that the "claim exceeds
    (A) the rent reserved by the lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—

    (i) the date of the filing of the petition; and
    (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property, plus
    (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates...."