**In re LANDMARK FENCE CO. INC., Debtor.**

**No. RS 09–20206 MJ.**

United States Bankruptcy Court, C.D. California.

Jan. 13, 2010.

462

Charles Liu, Marc J. Winthrop, Winthrop Couchot, Newport Beach, CA, for Debtor.

## Memorandum of Decision on Motion to Authorize Creditors' Committee to Pursue Alter Ego and Avoidance Actions

MEREDITH A. JURY, Bankruptcy Judge.

The matter before the court is a motion by the debtor in possession, Landmark Fence Co, Inc., a California Corporation, to authorize the Official Committee of Unsecured Creditors to pursue certain litigation rights which are asserted to be property of the estate: alter ego claims against the principal of the debtor, Robert Yanik, and certain avoidance actions. The request of the debtor to assign the estate's rights to pursue avoidance actions to the Committee has not been challenged. However, the holder of the largest asserted unsecured claim against the debtor, a class of former employees of the debtor who were involved in class action litigation prior to the bankruptcy filing alleging wage and benefit violations (the Sahagun Creditors), objected to the assignment of the alter ego claims. The Sahagun Creditors assert that they hold the right to assert the alter ego claims because the claims are not general and therefore are not property of the estate.

This issue first arose before the court at the hearing on the Sahagun Creditors' motion for relief from automatic stay on October 7, 2009, by which the Sahagun Creditors requested stay relief to pursue the state court litigation against the debtor and Yanik, including asserting the alter ego claims against Yanik. In denying the motion, the court made extensive comments on the record that the record before it showed that, by Sahagun Creditors' own admissions in the state court proceeding, the alter ego claims were general claims and therefore were property of the bankruptcy estate under the holdings of *In re Folks,* 211 B.R. 378 (9th Cir. BAP 1997), *In re Davey Roofing,* 167 B.R. 604 (Bankr. C.D.Ca.1994), and *In re S.I. Acquisition, Inc.,* 817 F.2d 1142 (5th Cir.1987). Because the claims were property of the estate, individual creditors should not be allowed to pursue them—only the debtor corporation or an assignee of the debtor could assert the claims. Although the court made these findings and comments on the record, because that ruling was not critical to the denial of the summary motion, the court made no binding ruling on the alter ego issue.

At the stay relief hearing, the court devised a procedure by which the parties could seek a court determination as to the holder of the alter ego claims. That procedure resulted in this motion, by which the debtor, asserting that the alter ego claims are property of the estate, seeks authorization for the Committee to pursue them. The matter was properly noticed for hearing on November 18, 2009, with

the moving papers briefing the substantive issue of who owned the alter ego claims. However, the Sahagun Creditors, apparently misunderstanding the court's devised procedure, failed to address the issue of whether the alter ego claims were property of the estate on the merits in their responsive papers. At the hearing on November 18, 2009, the court again made extensive findings on the record as to why the alter ego claims, based on the Sahagun Creditors' admissions in the state court proceedings, were property of the estate and announced a tentative ruling to grant the motion. In an abundance of caution, however, rather than make a final oral ruling on the motion, the court gave the Sahagun Creditors one more chance to brief the alter ego issue and present supporting evidence to assert that the alter ego claims were not property of the estate and could be asserted by them rather than the Committee. That post-hearing brief was received by the Court on December 11, 2009 and the debtor's responsive brief was filed on December 18, 2009.

Having reviewed the entire record before the court, which includes the briefs and evidence presented in support of and in opposition to the motion for relief from stay and the briefs and evidence presented in support of and in opposition to the motion for authorization to pursue the alter ego claims, the court grants the debtor's motion. This ruling is based not only on this written memorandum, but also on the statements on the record at both the October 7, 2009 hearing and the November 18, 2009 hearing. The opposing parties have not challenged the debtor's right to assign any litigation claims of the estate to the Committee, the grounds for which were well briefed by the debtor in the moving papers, so the court will not address that issue further. The court concludes the facts and law support such

authorization. The alter ego issue is addressed further briefly below.

The prevailing 9th circuit law is that a general alter ego claim against a corporation in bankruptcy is held by the bankruptcy estate if state law allows the corporation to bring such action against itself. In *Davey Roofing*, 167 B.R. at 608, the court held that whether an alter ego claim is property of the bankruptcy estate depends on whether under state law where the debtor is domiciled, the debtor may bring such action against itself. The *Davey* court found that under California law, a corporation may pierce its own corporate veil, so alter ego actions in California are property of the estate and the trustee or debtor in possession has the exclusive right to bring such claims. *Id.*

The 9th Cir. BAP in *In re Folks*, 211 B.R. at 389, supported *Davey's* holding that the bankruptcy trustee has exclusive standing to assert an alter ego claim based upon general injury to the corporation. The *Folks'* court stated: "The court correctly applied California law in determining that the alter ego claim is a general claim and property of the estate." *Id.* Both cases relied on *Stodd v. Goldberger*, 73 Cal.App.3d 827, 833, 141 Cal.Rptr. 67 (1977) which held that if there are allegations of injury to the corporation, the corporation holds the alter ego claim. Other courts in other circuits have generally followed the same principles, relying on underlying state law for a determination of whether the corporation's estate holds a generalized alter ego claim. See, *S.I. Acquisition*, supra; *Steyr–Daimler–Puch of America v. Pappas*, 852 F.2d 132 (4th Cir.1988); *Kalb, Voorhis & Co. v. American Fin. Corp*, 8 F.3d 130, 132–33 (2nd Cir.1993).

The Sahagun Creditors do not actively dispute this law, but assert that the claims which they hold, which arise out their employment by Landmark Fence,

were caused directly by Yanik, who as CEO and sole shareholder made all the decisions of the corporation, controlled all the finances, including those dealing with employment and pay issues, and deliberately abused its employees by making them work overtime without pay and benefits. The Sahagun Creditors assert that because this control satisfies one prong of the alter ego test—unity of control—that their alter ego claims are individual and not held by the estate. The overwhelming evidence before the court from the state court proceedings, as recited on the oral record at the two noted hearings, flies in the face of this argument. Both the Sahagun Creditors' amended complaint, by which they first asserted the alter ego claims against Yanik, and their opposition to the Summary Judgment motion brought by the defendants demonstrate that the damages which arose from Yanik's exclusive control of the corporation severely impacted the financial condition of the corporation as a whole and resulted in general damages to all creditors.

The Sahagun Creditors have continually confused the acts which resulted in their injury and damages—the acts of the Corporation controlled by Yanik which did not pay them adequate wages and benefits—with the acts which resulted in the injury giving rise to the alter ego claims. Those acts, as alleged in their complaint and demonstrated by their summary judgment evidence, damaged the corporation as a whole, not individual creditors. As such, the alter ego claim is a general one and belongs to the estate.

■ A recent District Court case explained clearly this distinction. In *Ahcom, Ltd. v. Smeding*, 2009 WL 1108658 (N.D.Cal.2009), the court stated that in determining whether the injury is generalized or particularized, the court must examine the same facts that are used to pierce the veil:

Absent a unique injury arising from the same facts that are used to pierce the veil, facts giving rise to an alter ego theory could be used by any creditor to bring a claim for repayment against the debtor's shareholders [citing *Folks* ]. Giving the trustee exclusive standing to bring this claim therefore "promotes equitable distribution and accords the Bankruptcy Code's ultimate goal of balancing the equities and interest of all affected parties in a bankruptcy case." *Id.* at *2

The injury alleged by the Sahagun creditors here is not the same one from which the alter ego claim arises. The injury causing the alter ego claim—the alleged self-dealing that Yanik did for himself, his wife, and his friendly employee/contractors—damaged all creditors.

For these reasons and all reasons stated on the record previously, the position of the Sahagun Creditors that the alter ego claims are individual and held by them alone is not supported by the facts before the court. The motion authorizing the Committee to pursue those claims is granted. The movant may present an appropriate order.